CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 21 2012
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ROSE M. CARVER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Civil Action No. 3:11CV00066<br><br>**MEMORANDUM OPINION**<br><br>By:　Honorable Glen E. Conrad<br>　　　Chief United States District Judge |

　　　Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

　　　The plaintiff, Rose M. Carver, was born on December 12, 1956 and eventually reached the seventh grade in school. Mrs. Carver has been employed as a wood plant laborer, factory worker, housecleaner, laundry worker, and newspaper deliverer. While she was working as a part-time housecleaner at the time of the administrative hearing in this case, there is some question as to

when Mrs. Carver last worked on a regular and sustained basis. Moreover, there are additional questions as to the regularity of her work even during the period in which she held more traditional jobs. For purposes of this case, the court will assume that Mrs. Carver has no past relevant work. See 20 C.F.R. § 416.965.

Mrs. Carver filed an application for supplemental security income benefits on June 10, 2008. The record reveals that an earlier application for disability insurance benefits and supplemental security income benefits had been unsuccessful.[1] In filing the claim currently before the court, Mrs. Carver alleged that she became disabled for all forms of substantial gainful employment on December 31, 2004 due to asthma, high blood pressure, and arthritis. She later amended her application so as to reflect an alleged onset date of February 24, 2007.[2] Plaintiff now maintains that she has remained disabled to the present time.

Mrs. Carver's application was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated January 29, 2010, the Law Judge also determined that Mrs. Carver is not disabled. The Law Judge found that plaintiff suffers from a severe impairment on the basis of chronic obstructive pulmonary disorder. While the Law Judge noted that Mrs. Carver experiences other physical and emotional problems, the Law Judge held that these problems are not severe. See 20 C.F.R. § 416.921. Despite her impairments, the Law Judge ruled that Mrs. Carver retains sufficient functional capacity to return to several of her past relevant work roles. The Law Judge

---

[1] At the time of oral argument, Mrs. Carver's attorney advised that a more recent claim for supplemental security income benefits and disabled widow's insurance benefits has been approved.

[2] Pursuant to 20 C.F.R. § 416.335, a claimant cannot receive supplemental security income benefits until the month following the month in which the application for benefits was filed.

2

also found that plaintiff retains sufficient functional capacity to perform other light work roles in which she is not exposed to fumes, odors, dusts, gases, poor ventilation, or other respiratory irritants. Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that plaintiff retains sufficient functional capacity to perform several other, specific light work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mrs. Carver is not disabled, and that he is not entitled to supplemental security income benefits. See 20 C.F.R. § 416.920(f) and (g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Carver has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision denying benefits is supported by substantial evidence. Mrs. Carver

3

suffers from chronic obstructive pulmonary disease with asthma, musculoskeletal impairments of the spine and knees, and emotional difficulties including anxiety and depression. While the court believes that the Administrative Law Judge erred in determining that plaintiff's musculoskeletal impairments and emotional difficulties do not represent severe impairments within the meaning of 20 C.F.R. § 416.921, the court finds that the Law Judge properly determined that plaintiff's physical and emotional problems are not so severe as to prevent performance of several specific light work roles identified by the vocational expert. It follows that the Commissioner's denial of plaintiff's application for benefits is supported by substantial evidence, and that the Commissioner's final decision must be affirmed.

The medical evidence in this case is limited. Mrs. Carver has been treated on a regular basis by Dr. William T. Laffond. Dr. Laffond has submitted medical notes covering his treatment of plaintiff from May 19, 2005, through November 5, 2009. Dr. Laffond's records and associated diagnostic studies document treatment for right hip problems and chronic respiratory difficulties. Dr. Laffond's office notes reflect good response to conservative treatment measures. Having reviewed these medical records, the court believes that there is substantial evidence to support the Commissioner's finding that there are no notations of physical difficulties which could reasonably be expected to prevent performance of lighter forms of work activity.

Mrs. Carver also experiences depression and anxiety. Dr. David S. Leen, a clinical psychologist, completed a consultative examination with report dated August 25, 2008. Based on a mental status examination, the psychologist diagnosed generalized anxiety disorder with social

4

phobia features. Dr. Leen assessed plaintiff's GAF at 52.[3] Dr. Leen submitted the following overall assessment:

> The claimant is in need of treatment of her anxiety and depressive disturbances. The prognosis for significant improvement with appropriate treatment of her anxiety and depressive symptoms is fair. She is in need of substance abuse rehabilitation treatment to address her ongoing use of alcohol. The prognosis for sustained abstinence from use of alcohol with appropriate treatment is fair. Based on her clinical impression at this time, she appears to retain sufficient cognitive intactness for managing her own funds.
>
> Secondary to the claimant's anxious, depressed and irritable moods, and excessive worry, she is unable to currently perform complex or challenging work activities with or without additional supervision. From the standpoint exclusively of her psychological functioning and psychiatric symptoms, without regard for her physical/medical conditions or the effects of her alcohol abuse, she is currently able to consistently perform relatively simple, repetitive work activities in a timely and appropriate manner. She is able to maintain reliable attendance in a workplace at this time. She is able to accept instructions from supervisors and deal appropriately with coworkers and the public on a consistent basis at this time. She is able to complete a normal workweek without interruptions resulting from her depressive and anxiety symptoms. She is currently generally able to deal with the usual stressors of competitive work.

(TR 307-08).

Dr. Andrew Beale testified at the administrative hearing as a vocational expert. The Administrative Law Judge posed a hypothetical question to Dr. Beale which assumed that plaintiff's capacity for physical exertion is limited to light work activity, and that she must avoid concentrated exposure to respiratory irritants. The Law Judge also incorporated into the hypothetical question the nonexertional limitations identified by Dr. Leen in his psychological assessment. Given such limitations, and after considering plaintiff's age, education, and prior

---

[3] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A GAF score of between 51 and 60 is indicative of moderate symptoms or moderate difficulty in social, occupational, or school functioning. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 47 (4th ed. text rev. 2000).

5

work experience, the vocational expert identified several specific light work roles in which Mrs. Carver could be expected to perform. (TR 47-50). It appears to the court that the vocational expert's evaluation of the vocational factors, and the assumptions under which the expert deliberated, are both reasonable and consistent with the evidence of record.

In summary, while the Administrative Law Judge found that Mrs. Carver does not experience severe impairments on the bases of her musculoskeletal condition and her emotional difficulties, the Law Judge's hypothetical question to the vocational expert assumed that plaintiff's capacity for work is impacted by her physical and emotional limitations, as well as by her chronic obstructive pulmonary disease. Thus, as a practical matter, the Law Judge treated plaintiff's musculoskeletal and emotional problems as severe in functional impact. The court finds that the Law Judge's assessment of the medical issues is fully supported by the objective evidence of record. Moreover, the court believes that the Administrative Law Judge reasonably relied on the testimony of the vocational expert in deciding Mrs. Carver's case at the fifth and final step of the sequential disability analysis, 20 C.F.R. § 416.920(g)

On appeal to the court, plaintiff argues that the Law Judge's approach to the case was flawed for several reasons. Plaintiff contends that the Law Judge understated the findings of both Dr. Laffond and Dr. Leen. Plaintiff observes that Dr. Leen clearly found that she is in need of additional treatment for her anxiety and depressive symptoms. While this is true, the court notes that Dr. Leen also produced findings which indicate that plaintiff is capable of performing "relatively simple, repetitive work activities," and that she is able to maintain reliable attendance and deal with interactions with coworkers. As noted above, the vocational

6

Case 3:11-cv-00066-GEC   Document 15   Filed 06/21/12   Page 6 of 8   Pageid#: 457

expert considered plaintiff's emotional limitations and her work-related emotional capacity in assessing Mrs. Carver for alternate work activity.

As for Dr. Laffond, Mrs. Carver notes that in a letter dated November 5, 2009, her treating physician stated that she is "permanently totally disabled from any gainful employment." (TR 373). In support of this opinion, Dr. Laffond cited plaintiff's severe asthma, severe anxiety disorder, obesity, degenerative arthritis, high blood pressure, and depression. However, the court must conclude that the Administrative Law Judge properly discounted Dr. Laffond's opinion. As noted by the Law Judge, the treating physician "has not provided any supporting signs, examination findings, diagnostic or imaging support for his opinion regarding the claimant's impairments or limitations." (TR 25). The court must agree that the contemporaneous medical notes simply fail to document any significant physical or emotional problems. While Dr. Laffond has treated plaintiff on a regular basis, and clearly qualifies as a treating physician, the court believes that the Administrative Law Judge properly assessed the probative value of Dr. Laffond's opinion evidence under the provisions of 20 C.F.R. § 416.927. Once again, Dr. Laffond's opinion as to plaintiff's disability is simply not consistent with his own, objective medical records.

For all these reasons, the court concludes that the Commissioner's final decision is supported by substantial evidence. Thus, the final decision of the Commissioner must be affirmed. <u>Laws v. Celebrezze</u>, <u>supra</u>. In affirming the Commissioner's final decision, the court does not suggest that Mrs. Carver is free of all pain, respiratory distress, and emotional difficulty. Indeed, the medical record confirms that plaintiff suffers from serious problems

7

which can be expected to result in various symptoms and limitations. As stated above, in the context of the adjudication of a subsequent application for benefits, it has recently been determined that Mrs. Carver is now disabled. However, as to the issues presented by the case currently before the court, it must again be noted that the medical evidence developed during the treatment of plaintiff's difficulties does not indicate that her problems had progressed to a disabling level of severity during the period adjudicated by the Administrative Law Judge. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears that in questioning the vocational expert, the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record, including musculoskeletal limitations, respiratory problems, and emotional difficulties. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

DATED: This 21st day of June, 2012.

_____
Chief United States District Judge